DONNA M. MEZIAS (SBN 111902)
LIZ K. BERTKO (SBN 268128)
AKIN GUMP STRAUSS HAUER & FELD LLP
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone:   415-765-9500
Facsimile:    415-765-9501
dmezias@akingump.com
lbertko@akingump.com

Attorneys for HOME DEPOT, U.S.A., INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CAPPS, individually and on behalf of himself and as the representative of the State of California,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  **'13CV2692 CAB WMC**<br><br>DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1367(A), 1441, 1446, 1453<br><br>[Supporting Declarations of Liz K. Bertko and John Cleary, Notice of Party with Financial Interest, Notice of Related Cases, and Civil Cover Sheet filed concurrently]<br><br>(SAN DIEGO SUPERIOR COURT CASE NO. 37-2013-00069596-CU-OE-CTL) |

DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(A), 1367(A), 1441, 1446, 1453

204065828 v12

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant Home Depot U.S.A., Inc. hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1332(a), 1367(a), 1441, 1446, and 1453. In support thereof, Home Depot states as follows:

1. On October 1, 2013, the above referenced action was filed and is currently pending against Home Depot in the Superior Court of California, County of San Diego, Case No. 37-2013-00069596-CU-OE-CTL. On October 8, 2013, Home Depot was served with the complaint. As required by 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon defendant as part of the above referenced action are attached to the Declaration of Liz K. Bertko ("Bertko Decl."), filed concurrently in support of this Notice of Removal, as exhibits A-B .

2. Plaintiff Robert Capps is a former Home Depot assistant store manager. Plaintiff alleges that he was misclassified as exempt from state overtime requirements. Plaintiff also asserts this is a representative action on behalf of other "aggrieved employees" (Home Depot assistant store managers) in California. *See* Complaint, ¶¶ 71-75.

3. Plaintiff seeks alleged unpaid overtime compensation, statutory penalties pursuant to Labor Code § 226(e), waiting time penalties pursuant to Labor Code § 203, meal period and rest break penalties pursuant to Labor Code § 226.7, restitution, injunctive relief, interest, attorney's fees and costs. Complaint, ¶¶ 25-69, Prayer for Relief. Plaintiff also seeks to recover penalties under the California Private Attorneys General Act, California Labor Code section 2698, et seq. ("PAGA") on behalf of himself and other alleged aggrieved employees based on the same allegations. Complaint, ¶¶ 69-75.

1
DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(A), 1367(A), 1441, 1446, 1453

204065828 v12

4. <u>Timeliness</u>.  Plaintiff filed his complaint in San Diego Superior Court, No. 37-2013-00069596-CU-OE-CTL, on October 1, 2013.  Home Depot was served with the complaint on October 8, 2013.  Home Depot's Notice of Removal is therefore timely because it is filed within 30 days of service of the complaint.  *See* 28 U.S.C. § 1446(b).

5. <u>Jurisdiction</u>.  The above-described action is a civil action of which this Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. §1441(b).  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over suits between citizens of different states where there is more than $75,000 in controversy.  These criteria are satisfied here.

6. <u>Diversity of Citizenship</u>.  There is diversity of citizenship between the parties to the action.

7. Plaintiff was and is a citizen and resident of California.  *See* Complaint ¶ 3; *see also* Declaration of John Cleary ("Cleary Decl."), ¶ 2.

8. Home Depot is not a citizen of California.  "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).  Home Depot is not incorporated in California.  Rather, Home Depot is a corporation organized and incorporated under the laws of Delaware.  Cleary Decl., ¶ 3.  Nor is California the state in which Home Depot has its principal place of business, which is "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  Rather, Home Depot's principal place of business is Atlanta, Georgia.  *See Ottaviano v. Home Depot U.S.A., Inc.*, Civ. No. 1:09-cv-05125, 2010 U.S. Dist. LEXIS 27279, at *3 (N.D. Ill. Mar. 23, 2010) (Home Depot is a Delaware corporation with principal executive offices located in Atlanta, Georgia); *Novak v. Home Depot U.S.A., Inc.*, 259 F.R.D. 106, 108 (D. N.J. 2009) (same); Cleary Decl., ¶ 3.

9. Accordingly, plaintiff and defendant are citizens of different states, which satisfies the diversity requirements of 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1332(a) ("district courts shall have original jurisdiction of all civil actions . . . between citizens of different States").

10. <u>Amount in Controversy</u>. The amount in controversy for the plaintiff's individual claims exceeds $75,000, exclusive of interest and costs. The complaint is silent as to the amount of damages sought. Removal is therefore proper if, from the allegations of the complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000. *See Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996); *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 701 (9th Cir. 2007). In determining whether the jurisdictional minimum is satisfied, the Court considers all recoverable damages, including compensatory damages, statutory penalties, and attorney's fees. *See Conrad Assocs. v. Hartford Acc. & Indem. Co.,* 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

11. Here, the amount in controversy on plaintiff's individual claims clearly exceeds $75,000, exclusive of interest and costs. For his first and second causes of action, plaintiff alleges that he was misclassified as an exempt employee and is therefore owed overtime compensation for any time worked in excess of 40 hours per week and eight hours per day pursuant to Labor Code sections 510 and 1194. Complaint, ¶¶ 14-20, 25-57. Plaintiff further alleges that he "generally" worked "more than eight (8) hours in a workday and in excess of forty (40) hours in a workweek," but was not provided with overtime pay. Complaint, ¶¶ 8, 9, 16. A four year statute of limitations applies to claims for overtime pay brought pursuant to Labor Code section 1194 and Business & Professions Code § 17200, et seq. ("the UCL"). *See Cortez v. Purolator Air Filtration Prods. Co,* 23 Cal. 4th 163 (2000) (actions for unpaid overtime wages under the UCL subject to four year statute of limitations).

3
DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(A), 1367(A), 1441, 1446, 1453

204065828 v12

12. According to his job description as an assistant store manager, plaintiff was expected to be available to work 55 hours per week. Cleary Decl., ¶ 4. Plaintiff's average hourly rate between October 1, 2009 and April 11, 2013 was $28.98. Cleary Decl., ¶ 5. Thus, assuming that, between October 1, 2009 and April 11, 2013, plaintiff worked approximately 50 hours per week, or 10 hours of overtime per week, the amount in controversy for his overtime claim alone is approximately $79,980 ($43.47 overtime rate x 10 hours overtime per week x 184 work weeks between October 1, 2009 and April 11, 2013). *Id.* ¶¶ 4-5. If, during that same time period, he worked 55 hours per week, or 15 hours of overtime per week, the amount in controversy for his overtime claim is approximately $120,000 ($43.47 overtime rate x 15 hours overtime per week x 184 work weeks between October 1, 2009 and April 11, 2013).[1] *Id.* ¶¶ 4-5. Based on this claim alone, the $75,000 amount in controversy requirement is met.

13. Plaintiff also seeks waiting time penalties pursuant to Labor Code § 203 based on Home Depot's alleged failure to pay him overtime wages at the time of his termination. Complaint, ¶¶ 62-68. Section 203 provides that if an employer willfully fails to pay any amount of wages owed upon termination, the wages shall continue as a penalty from the due date at the same rate paid, or until an action is commenced, not to exceed 30 days. At the time of his termination, plaintiff's annual salary was $62,181. Cleary Decl., ¶ 5. Thus, his average daily rate would be $239.15.[2] Thus, the waiting time penalties sought by plaintiff are approximately $7,715 ($239.15 x 30 days).

---

[1] Home Depot does not admit that plaintiff worked 50 or 55 hours per week and makes these assertions solely to determine the amount in controversy for purposes of removal only.

[2] A salaried employee's daily wage rate for purposes of Section 203 is typically calculated by divided the employee's salary at the time of termination by 52 weeks and dividing that number by the number of days worked per week. *See* DLSE FAQ, Waiting Time Penalties, #6, *available at* http://www.dir.ca.gov/dlse/faq_waitingtimepenalty.htm.

14. Thus, plaintiff's individual overtime and waiting time penalty claims exceed $87,600. This amount, which exceeds the jurisdictional minimum, does not include the plaintiff's claims for statutory penalties pursuant to Labor Code § 226(e), meal period and rest break penalties pursuant to Labor Code § 226.7, PAGA penalties, or attorney's fees. Complaint, ¶¶ 25-75, Prayer for Relief.

15. Because this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) over plaintiff's individual claims, it also has supplemental jurisdiction over plaintiff's representative claims based on the same allegations and brought on behalf of other "aggrieved" employees in California.[3] Complaint, ¶¶ 6, 69-75; *see* 28 U.S.C. §1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts *shall* have supplemental jurisdiction over all other claims that are so related to claims in the action within such controversy that they form part of the same case or controversy under Article III of the U.S. Constitution") (emphasis added); *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 549 (2005) (holding that "where the other elements of [diversity] jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 authorizes supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction"); *Gibson v. Chrysler Corp.,* 261 F.3d 927 (9th Cir. 2001) (holding that "there is supplemental jurisdiction over the claims of unnamed class members when the claim of an individual named plaintiff satisfies the amount-in-controversy requirement").

16. <u>Venue</u>. The United States District Court for the Southern District of California is the judicial district embracing the place where the above referenced action

---

[3] Home Depot does not agree or concede that the representative claims proposed by plaintiff are proper or that these claims may be tried on a collective or class basis.

5

DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(A), 1367(A), 1441, 1446, 1453

204065828 v12

was filed by plaintiff and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

There are no grounds that would justify this Court in declining to exercise its jurisdiction pursuant to 28 U.S.C. §§ 1332(d)(3) or requiring it to decline to exercise jurisdiction pursuant to 28 U.S.C. §§ 1332(d)(4).

WHEREFORE, defendant requests that the above action now pending in the Superior Court of California, County of San Diego, be removed therefrom to this Court. In the event the Court has any reason to question whether removal is proper, Home Depot requests the opportunity to provide briefing on the issue.

Respectfully submitted,

Dated:  November 7, 2013              AKIN GUMP STRAUSS HAUER & FELD LLP

By /s/ Donna M. Mezias
DONNA M. MEZIAS
Attorneys for Defendant
HOME DEPOT U.S.A., INC.